Don Bivens (AZ Bar No. 005134)
don@donbivens.com
Teresita T. Mercado (AZ Bar No. 020578)
teresita@donbivens.com
**DON BIVENS, PLLC**
15169 N. Scottsdale Road, Suite 205
Scottsdale, Arizona, 85254
Telephone: (602) 762-2661

Terry Rose Saunders *(Pro Hac Vice* to be submitted)
**THE SAUNDERS LAW FIRM**
120 North LaSalle Street, 20th Floor
Chicago, IL 60602
312-444-9656
tsaunders@saunders-lawfirm.com

Arthur Susman *(Pro Hac Vice* to be submitted)
**THE LAW OFFICE OF ARTHUR SUSMAN**
1540 N. Lake Shore Drive
Chicago, Illinois 60610
(847) 800-2351
arthur@susman-law.com

*Attorneys for Plaintiff and the Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mary Watts, individually and on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>   v.<br><br>Rob Woods, in his capacity as Director of Arizona Department of Revenue,<br><br>        Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mary Watts ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class," as defined below), for her Class Action Complaint against Defendant Rob Woods, in his official capacity as the Director of Arizona's Department of Revenue ("Director" or "Defendant"), states as follows:

## INTRODUCTION

1. Plaintiff brings this action to challenge the constitutionality under the Fifth and Fourteenth Amendments to the United States Constitution of the provisions of the Arizona Unclaimed Property Act, Arizona Revised Statute ("ARS") §§ 44-301, *et seq.* (the "Act"), under which the State takes custody, but not ownership of or title to, private property that the State classifies as "presumed abandoned" for public use, without paying just compensation. The Complaint seeks declaratory and prospective injunctive relief under 42 U.S.C. § 1983 and under the United States Constitution on behalf of all current owners of unclaimed property held by the Director in the form of money (referred to as "property").

2. The Act applies to personal property held by a third party, for example, a bank, insurance company, corporation, governmental body or public utility (referred to in the Act and here as the "holder"). Under the Act, such property is "presumed abandoned" if the owner has not communicated in writing with the holder concerning the property or has not otherwise given an indication of interest in the property within certain time limits set out in the Act, generally one to three years. ARS § 44-302. Property that is "presumed abandoned" must be delivered by the holder to the Department of Revenue. Upon delivery, the State assumes custody and responsibility for the safekeeping of the property," ARS § 44-310, and uses the property for public purposes, including paying state obligations. The State, however, does not pay just compensation to the owners of the property for its use of the property while in the State's custody.

3. The Takings Clause of the Fifth Amendment to the United States Constitution (the "Fifth Amendment") prohibits the government from taking or using

**DON BIVENS, PLLC**
SC0TTSDALE QUARTER
15169 N. Scottsdale Road
Suite 205
Scottsdale, AZ 85254

- 2 -

1  private property for public purposes without just compensation to the property owner.
2  It states, "nor shall private property be taken for public use, without just
3  compensation."

4      4.    Under the Fifth Amendment, just compensation means the full monetary
5  equivalent of the property taken from its owner or another who is entitled to the
6  property, including the benefit to the state of the use of that property.

7      5.    The Fifth Amendment protects not only the principal of unclaimed
8  money property in the custody of the state, but also the time-value of the property.

9      6.    At a minimum, just compensation requires that the state compensate
10 owners of unclaimed property for the time-value of their money property for the time
11 during which the property is in the control of and used by the state for governmental
12 or public purposes.

13     7.    The Act, however, does not permit any payment to the owner of the
14 property over and above the original amount received by the Director, except under
15 very limited circumstances and for a limited period of time; nor does it provide for
16 payment of just compensation due from the State for the use of that property while in
17 state custody. ARS §§ 44-311, 44-312.

18     8.    Because it denies just compensation to the owner or person entitled to
19 recover the unclaimed property for such use, the Act violates the Takings Clause of
20 the Fifth Amendment.

**PARTIES**

22     9.    Plaintiff is and has been at all relevant times a citizen and resident of
23 Arizona. Plaintiff is an "owner" of property, as defined in ARS § 44-301, that is
24 currently held in custody by Defendant pursuant to the Act and used for public
25 purposes.

26     10.    Defendant Rob Woods is the Director of the Arizona Department of
27 Revenue. In that position, pursuant to the Act, Defendant, or any predecessor or
28 successor in that position, is and has been in charge of supervising and

administering the Act and is responsible for all operations, policies and procedures of the Department. Plaintiff sues Defendant Woods in his official capacity. In that capacity, he resides in this District and is subject to suit in this District.

## JURISDICTION AND VENUE

11. The claims in this Complaint arise under the Fifth and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. § 1983. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The Complaint seeks a Declaratory Judgment under 28 U.S.C. *§* 2201, *et seq.*

12. Venue is proper in this District because Defendant is deemed to reside in and is subject to suit in this District, and because a substantial portion of the events that give rise to the claims asserted in this action occurred in this District.

## STATEMENT OF FACTS

### The Act and Its Operation

13. The Act is based on the Uniform Unclaimed Property Act promulgated by the Uniform Law Commission. The purpose of unclaimed property laws, such as Arizona's Act, is twofold: first, to reunite owners with their unclaimed property or funds from sale or liquidation of that property; and second, to give the state, rather than the holder, the benefit of the use of unclaimed property before it is reunited with its owner.

14. The Act provides that private property is "presumed abandoned" if the owner or apparent owner has not communicated in writing with the holder concerning the property or has not otherwise given an indication of interest in the property for a certain period of time, usually one to three years. ARS § 44-302. Once a holder determines property in its possession is "presumed abandoned" within the meaning of the Act, the holder is required to attempt to notify the owner and, if the property is not claimed by the owner, to deliver the property into the custody of the Department of Revenue.

15. The Act provides that "[o]n payment or delivery of property to the [Department of Revenue], the State assumes custody and responsibility for the safekeeping of the property" ARS § 44-310. The Act is custodial in nature; title to and ownership of the unclaimed property remain with the owner who may file a claim within 35 years after the year in which the Department receives the unclaimed property. ARS § 44-317(E). The State does not require that the owner of unclaimed property communicate with the State or take any action to indicate an interest in the unclaimed property during the 35-year period.

16. The function of Arizona's Unclaimed Property Unit "is to efficiently and effectively collect, safeguard, and distribute unclaimed property to the rightful owners through prompt and courteous service, and to provide education to the public and holders about Unclaimed Property Laws." Ariz. Dep't of Revenue, https://azdor.gov/unclaimed-property (last visited February 4, 2025). The State, through the Director, acts as the protector of the rights of the true owner, that is, the person with a legal or equitable interest in the property, including depositors, trust beneficiaries, creditors and claimants or payees. ARS § 44-301. The State does not obtain or have ownership or legal or equitable title over unclaimed property.

17. Defendant is required to liquidate unclaimed property – other than securities – or sell it to the highest bidder at a public sale and is required to liquidate securities at the market price, within three years. ARS § 44-312. All monies the Director receives as unclaimed property and proceeds from the liquidation or sale of unclaimed property are deposited in the State's general fund or specified state programs, except that the Department retains at least $100,000 in a separate trust fund for payment of claims of owners of unclaimed property. ARS § 44-313.

18. Any person claiming an ownership interest in the property delivered to the Director may claim return of the property. If the Director determines that the claim is

valid, the Director will pay to the owner of unclaimed property only the amount of money the Director received upon delivery, except that:

> (a) If property other than money is delivered, any income or gain realized or accruing on the property at or before liquidation or conversion of the property to money is due the owner;
>
> (b) If the property delivered to the department is an interest-bearing demand, savings or time deposit, including a deposit that is automatically renewable, the department shall pay interest at the legal rate or any lesser rate that the property earned while in the possession of the holder.  Interest begins to accrue when the property is delivered to the department and ceases ten years after delivery or on the date the department pays the owner, whichever occurs first. ARS § 44-311 (b); and
>
> (c) With respect to securities, the department shall return the securities that the holder delivered to the department if the securities remain in the department's custody or the department shall pay the net proceeds of the sale of the securities. ARS § 44-312 (c).

Neither ARS §44-311(b) nor ARS §44-312(c) provides the owner of the property just compensation for the State's use of the property while in State custody.

19. As noted above (see Paragraph 17), under the Act, the Director deposits the major portion of all funds received as unclaimed property, including funds from the liquidation or sale of unclaimed property, into the General Fund of the State, the Fund into which revenue payable to the State is paid. Unclaimed property transferred to the General Fund and other special state funds is used to fund various state projects or invested alongside other state revenues in the General Fund or is held in interest-bearing accounts or other investment instruments.  The interest, dividends, accruals, returns and other benefits from the use and investment of these funds must, however, inure to the sole benefit of the State.  The State thus takes private property for public purposes by using it to pay state obligations, investing it, or otherwise benefiting from having custody and use of the unclaimed property.

20. Arizona currently holds over $2 billion in unclaimed property in custody. Virtually all unclaimed properties are cash assets.  The State collects millions of dollars in

1  unclaimed property annually but returns just a fraction of that amount to the property
2  owners.

3  21.   Unlike an escheat statute, which in Arizona is applicable when the owner
4  of property dies intestate and without heirs and is absent from his or her domicile for
5  five years successively and not known to exist, ARS § 12-881, the Act is purely
6  custodial in nature. Ownership of unclaimed or "presumed abandoned" property is
7  never transferred from the owner to the State and the property does not "vest" in the
8  State; rather ownership remains with the owner of unclaimed property during the
9  period the property is in State custody.

10  22.   The Supreme Court has held that the Takings Clause of the Fifth
11  Amendment protects the time value of money just as much as it does money itself.
12  Federal courts have recognized that the Fifth Amendment requires that the state must
13  pay owners of unclaimed property the time value of their property (that is, just
14  compensation for the use of their property) along with the return of the property.
15  *Goldberg v. Frerichs*, 912 F.3d 1009 (7th Cir. 2019); *Kolton v. Frerichs*, 869 F.3d
16  532 (7th Cir. 2017); *Cerajeski v. Zoeller*, 735 F.3d 577 (7th Cir. 2013); *Gerlach v.
17  Rokita*, 95 F.4th 493, 496 (7th Cir. 2024); *Siebers v. Barca*, 2022 WL 2438606 (W.D.
18  Wisc. July 5, 2022); *Albert v. Franchot*, 2023 WL 4058986 (D.Md. June 16, 2023),
19  on reconsideration in part 2024 WL 308937 (D.Md. January 26, 2024); *see also Sogg
20  v. Zurz,* 905 N.E.2d 187 (Ohio 2009).

21  23.   Holding that it was bound by its prior decisions construing the former
22  California Unclaimed Property Act, the Ninth Circuit in *Cote v. Office of the California
23  State Controller* (not reported in Federal Reporter), in an unpublished Memorandum, not
24  appropriate for publication and not precedent except as provided by Ninth Circuit Rule
25  363 (Order can be found at 2024 WL 1108546 (9th Cir. March 14, 2024)), declined to
26  follow the Seventh Circuit or analyze in the case before it whether California's current
27  unclaimed property act is an unconstitutional taking. The California UPA, however,
28  differs from the Arizona Act, and the Ninth Circuit has not considered whether the

1  provisions of the Arizona Unclaimed Property Act, under which the State takes custody of
2  private property and uses it for public purposes without paying just compensation, violate
3  the Fifth and Fourteenth Amendments.  In *Garza v. Woods,* 2023 WL 5608414 (D. Ariz.
4  Aug. 30, 2023), appeal pending (No. 24-1064, 9th Cir.), the court granted Defendants'
5  motion to dismiss the complaint challenging the manner in which Arizona enforced the
6  Act under the due process and takings clauses.  The *Garza* case did not, however, address
7  the constitutional violations alleged in Plaintiff's Complaint or whether the State's failure
8  to pay just compensation for the use of private property in its custody violates the Fifth
9  Amendment.

10   24.   The essential features of the Arizona Act are similar to the provisions
11  of Indiana, Illinois, Wisconsin and Maryland Unclaimed Property Acts that have
12  been held to violate the Takings Clause because they precluded payment of just
13  compensation for the state's use of private property while in state custody.

### Plaintiff's Property

15   25.   Defendant's online records show that Defendant holds Plaintiff's
16  property but without disclosing the nature or amount of the property.  A copy of the
17  printout from the Treasurer's website is attached to this Complaint as **Exhibit A.**
18  Plaintiff is the owner under the Act with respect to her property.  Defendant has at all
19  times since delivery held Plaintiff's property in custody subject to its being claimed
20  by or on behalf of Plaintiff.

21   26.   While the Defendant held Plaintiff's property in custody, pursuant to the
22  Act, the State has used Plaintiff's cash property or converted Plaintiff's non-cash
23  unclaimed property into cash and used it to fund the State's operations and programs.

24   27.   Under the Act, should Plaintiff claim her property, Defendant will pay
25  Plaintiff the amount shown in the State's records as the cash amount of the unclaimed
26  property delivered to the State but will not compensate her for the use of her property
27  while in state custody.  To the extent the State pays interest on certain property that
28  was interest-bearing before delivery to the State, that interest is not based on the

benefits to the State from the use of the property and is not just compensation for the State's use of that property during the period it has custody.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on her own behalf and as a class action, pursuant to Rule 23(a) and Rule 23(b)(2) of the Federal Rules of Civil Procedure, seeking declaratory and prospective injunctive relief on behalf of the following class (the "Class"):

> All persons or entities (including their heirs, assignees, legal representatives, guardians, administrators, and successors in interest) who are owners of unclaimed property being held in custody by the Director in the form of money under the Arizona Unclaimed Property Act.

29. The members of the Class are so numerous that joinder of all members is impracticable. There are currently hundreds of thousands of persons or entities who own property presumed abandoned and held in custody by Defendant under the Act. Currently the Director is holding more than $2 billion in unclaimed property in custody, with millions of dollars of additional unclaimed property flowing to the State annually.

30. The average amount of each claim is too small to warrant an individual action challenging the Act's legality under the United States Constitution. For example, the Director has paid out at least $88 million to rightful owners in fiscal year 2024 (July 1, 2023 to June 30, 2024), and the recent 5-year average of property returned has been $57 million per year. The amount of money returned to owners ranged from $1.00 to $1.5 million. https://azdor.gov/unclaimed-property/news-updates (last visited February 4, 2025).

31. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff's property is being held in custody by the Defendant under the Act and, while in the State's custody, is subject to the same provisions of the Act that prohibit the State from paying just compensation to other owners of unclaimed property for

DON BIVENS, PLLC
SC0TTSDALE QUARTER
15169 N. Scottsdale Road
Suite 205
Scottsdale, AZ 85254

interest or earnings and other benefits the State receives from use of unclaimed property.

32. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action litigation.

33. There are questions of law and fact common to the Class, including the following:

   a. whether the Act violates the Fifth Amendment's requirement of just compensation;
   b. whether the State is required to pay just compensation for the use of unclaimed property in its custody for public purposes;
   c. the proper measure of compensation for the Class; and
   d. the appropriate injunctive and declaratory relief for the Class.

34. Plaintiff's claims arise out of the same common course of conduct by Defendant giving rise to the claims of the other members of the Class. Defendant has acted and refused to act on grounds that apply generally to the Class so that injunctive and declaratory relief are appropriate.

**COUNT ONE**

**(Declaratory and Prospective Injunctive Relief
Awarding Just Compensation on Behalf of Plaintiff and the Class for
Violation of the Fifth Amendment to the U.S. Constitution)**

35. Plaintiff realleges and incorporates each of the foregoing paragraphs 1 – 34 as though fully set forth herein.

36. The Fifth Amendment to the United States Constitution requires that the State pay just compensation for the use of unclaimed property in the custody of the State, including compensation for the time-value of the property used. Accordingly, upon return of their unclaimed property, Plaintiff and the members of the Class are entitled to just compensation for the State's use of their property from the time it is delivered to the State's custody and used for public purposes. While the amount of

just compensation will depend on the circumstances, the measure of just compensation should be based on the benefit to the State conferred from its beneficial use of the property, or the value of the unclaimed property held and used by the State.

37. The Act violates the Fifth Amendment in that it directs that unclaimed property delivered to the State must be used for public purposes without the payment of just compensation to property owners.

38. Plaintiff and the Class are entitled to a declaration that the Act violates the Fifth Amendment.

39. The Defendant's unlawful course of conduct will continue absent a declaration from this Court that Defendant's conduct violates the rights of the Plaintiff and the members of the Class and an injunction from this Court requiring the Defendant to change the course of conduct described above when paying claims in the future.

40. Plaintiff and the members of the Class are entitled to a judgment declaring their rights with respect to the conduct set forth in this Complaint. Therefore, judgment may issue under 28 U.S.C. § 2201, *et seq.*

**WHEREFORE,** Plaintiff prays that the Court enter judgment in her favor and in favor of the Class and against Defendant as follows:

A. Declaring that this action may be maintained as a class action pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of the Class defined above and that Plaintiff is a proper Class representative and designating her counsel as Class Counsel;

B. Declaring that the State's use of the unclaimed property in its custody for public purposes is a taking of property within the meaning of the Fifth Amendment for which the State is required to pay just compensation;

C. Declaring that Defendant must pay just compensation to Plaintiff and the Class and setting the measure of just compensation;

D.     Issuing an injunction to ensure that the State complies with that Declaration when returning property to owners of unclaimed property in the future;

E.     Awarding Plaintiff her attorneys' fees and reimbursement of expenses, pursuant to applicable principles of equity and/or pursuant to 42 U.S.C. § 1988; and

F.     Awarding such other and further relief as the Court deems just and proper.

DATED this 11th day of March, 2025.

    /s/ Teresita T. Mercado
Don Bivens
Teresita T. Mercado
**DON BIVENS, PLLC**
15169 Scottsdale Road
Suite 205
Scottsdale, AZ 85254

Terry Rose Saunders (*Pro Hac Vice* forthcoming)
**THE SAUNDERS LAW FIRM**
120 North LaSalle Street, 20th Floor
Chicago, IL 60602

Arthur Susman (*Pro Hac Vice* forthcoming)
**THE LAW OFFICES OF ARTHUR SUSMAN**
1540 N. Lake Shore Drive
Chicago, Illinois 60610

*Attorneys for Plaintiff and the Class*