**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Watts,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Rob Woods, et al.,<br><br>　　　　　　Defendants. | No. CV-25-00819-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant Robert Woods' Motion to Dismiss (Doc. 16), Plaintiff Mary Watt's Response (Doc. 21), and Defendant's Reply (Doc. 24). The Court now rules as follows.

**I.     BACKGROUND**

This case is a putative class action to challenge provisions of the Arizona Unclaimed Property Act (the "Act"), Arizona Revised Statute ("A.R.S.") §§ 44-301, *et seq*, under the Fifth and Fourteenth Amendments of the United States Constitution. (Doc. 14 at 2, ¶ 1). The Act applies to personal property held by a third party (a "holder"), such as, e.g., a bank, on behalf of an apparent owner. It states, in pertinent part:

> Property is unclaimed if, for the applicable period prescribed in subsection A of this section, the apparent owner has not communicated in writing with the holder or communicated by other means reflected in a contemporaneous record that is prepared by or on behalf of the holder and that concerns the property or the account or accounts in which the property is held and has not otherwise indicated an interest in the property and if the holder has not communicated in writing with regard to the property that would otherwise be unclaimed.

A.R.S. § 44-302(C). In other words, property is presumed abandoned under this portion of the Act "if the owner has not communicated in writing with the holder concerning the property or has not otherwise given an indication of interest in the property within certain time limits set out in the Act, generally one to three years." (Doc. 14 at 2, ¶ 2). Property that is presumed abandoned under this section must be delivered to the Arizona Department of Revenue (the "Department of Revenue") by the holder, at which point the State assumes custody and responsibility for its safekeeping. A.R.S. §§ 44-310(A), 44-308. The money received by the Department of Revenue as unclaimed property, or money gained from liquidated or sold unclaimed property, is deposited into the State's general fund, with some exceptions. A.R.S. § 44-313. The money is then "used to fund various State projects or invested . . . or is held in interest-bearing accounts or other investment instruments." (Doc. 14 at 6, ¶ 19). Individuals may file a claim with the Department of Revenue to claim ownership of the property. A.R.S. § 44-317(A).

Plaintiff asserts that the State "does not pay just compensation to the owners of the property for its use of the property while in the State's custody." (Doc. 14 at 2, ¶ 2). Plaintiff alleges that just compensation requires the State to "compensate owners of unclaimed property for the time-value of their money property[,]" but the Act "does not permit any payment . . . over and above the original amount received by the Department, except under very limited circumstances[.]" (*Id.* ¶¶ 6, 7).

On March 11, 2025, Plaintiff initiated this action against the State of Arizona and Robert Woods in his official capacity as director of the Department of Revenue. (Doc. 1). On May 23, 2025, before either Defendant filed an answer, Plaintiff filed an Amended Complaint. (Doc. 14). Defendants subsequently filed their Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim on June 19, 2025. (Doc. 16). While briefing on that motion was pending, the parties stipulated to dismissal of Count II of the Amended Complaint and the State of Arizona as a party to this action. (Doc. 22). Accordingly, only one Defendant, Robert Woods, in his official capacity, and one claim, Count I of the

Amended Complaint, remain at issue. The Motion to Dismiss (Doc. 16) has been fully briefed and is now ripe for review.

On August 25, 2025, after this Motion was fully briefed, the Ninth Circuit issued an opinion in a similar case challenging the Act as unconstitutional in *Garza v. Woods*, 150 F. 4th 1118 (9th Cir. 2025). *Garza* addressed all the issues raised in the instant Motion to Dismiss—the plaintiffs' standing, the applicability of sovereign immunity against the director of the Department of Revenue, and the merits of the plaintiffs' claims under the Fifth Amendment takings clause. *See id.*; (*see* Docs. 16, 21, 24).

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(1)

A Rule 12(b)(1) motion to dismiss challenges the court's subject matter jurisdiction to hear the claims at issue. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and may only hear cases falling within that jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction 'can never be forfeited or waived[,]' and federal courts have a continuing 'independent obligation to determine whether subject-matter jurisdiction exists.'" *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

#### 1.  Standing

"To state a case or controversy under Article III, a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011). Standing under the U.S. Constitution has three elements:

> (1) [T]he plaintiff must have suffered an injury-in-fact—that is, a concrete and particularized invasion of a legally protected interest that is actual or imminent, not conjectural or hypothetical; (2) the injury must be causally connected—that is, fairly traceable—to the challenged action of the defendant and not the result of the independent action of a third party not before the court; and (3) it must be likely and not merely speculative that the injury will be redressed by a favorable decision by the court.

*Cath. League for Religious and Civil Rights v. City and Cnty. of S.F.*, 624 F.3d 1043, 1049 (9th Cir. 2010) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)); *see also Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 475–76 (1982). The plaintiff bears the burden of establishing the existence of a justiciable case or controversy, and "'must demonstrate standing for each claim he seeks to press' and 'for each form of relief' that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). "Where, as here, a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (internal quotations and citation omitted).

## 2. Sovereign Immunity

The Eleventh Amendment entitles states to sovereign immunity, preventing them from being sued without their consent. *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1035 (9th Cir. 1999). "The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (internal quotations and citation omitted). A suit against an officer "is in fact against the sovereign if the decree would operate against the [state]." *Id.* (citation omitted). But there are exceptions to sovereign immunity, two of which are relevant to Plaintiff's claim. *See Garza*, 150 F.4th at 1125–26. "First, under *Ex parte Young*, a claim challenging the constitutionality of a state official's action that is asserted against the official in their official capacity is not barred by sovereign immunity so far as it seeks prospective injunctive relief." *Id.* (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1974)). "Second, when officials acting on behalf of the sovereign hold others' property, a suit seeking return of the property is not barred by sovereign immunity when the plaintiff alleges that 'the taking of the property or the injury to it was not the action of the sovereign because [it was] unconstitutional or beyond the officer's statutory powers.'" *Id.* at 1126 (citing *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 698 (1949)) (alteration in original).

**B. Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, "all allegations of material fact" in the complaint "are taken as true and construed in the light most favorable to the nonmoving party." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted).

**III. DISCUSSION**

**A. Standing**

Defendant argues that Plaintiff lacks standing to seek prospective relief because she has only alleged harm from a past taking. (Doc. 16 at 15). Defendant asserts that Plaintiff has not submitted a claim for her property, has not pled that she intends to submit such a claim, and has not pled a likelihood that another taking would occur in the future. (*Id.* at 16). In *Garza*, the Ninth Circuit clarified that the government's physical possession of another's unclaimed property constitutes "a concrete invasion of a legally protected interest." 150 F.4th at 1124. The Court also rejected the argument that a plaintiff must file a claim with the Department of Revenue to establish standing, stating that an owner's request for the return of their property is not a prerequisite to establishing an injury in fact. *Id.* at 1124–25.

Under the reasoning articulated by the Ninth Circuit in *Garza*, Plaintiff's allegations also establish standing. Plaintiff alleged in her Complaint that she "is the owner under the Act with respect to her property" and that Defendant has "held Plaintiff's property in custody subject to its being claimed by or on behalf of Plaintiff." (Doc. 14 at 8, ¶ 25). She also alleges that "[t]he Act violates the Fifth Amendment in that it directs unclaimed

5

property delivered to the Defendants must be used for public purposes without the payment of just compensation to property owners." (*Id.* ¶ 37). Because Plaintiff alleges that the government has taken possession of her property without providing just compensation, she has shown a concrete injury. *See Garza*, 150 F.4th at 1125 ("When the government assumes physical possession of another's unclaimed property . . . [a]nd when it does so without providing due process or just compensation, the owner has suffered sufficient injury to confer standing to challenge the government's action."). Moreover, as stated above, the Ninth Circuit rejected Defendant's argument that Plaintiff lacks standing because she has not yet filed a claim for her property with the Department. *Id.* at 1124. Therefore, the Court finds that Plaintiff has alleged an injury sufficient to establish standing. *See id.*

### B. Sovereign Immunity

Defendant argues that sovereign immunity bars Plaintiff's claim. The Court must consider whether any of the exceptions to sovereign immunity apply. First, Defendant asserts that the exception for property seized through unconstitutional acts does not apply. (Doc. 16 at 10). Defendant distinguishes Plaintiff's claim from that in *Taylor v. Westly*, 402 F.3d 924, 935 (9th Cir. 2005). (*Id.*). The claim in *Taylor* was not barred by the Eleventh Amendment because Plaintiff sought "reinstatement of possession of property they owned," as opposed to "compensation from the state's general fund." *Taylor*, 402 F.3d at 935. Next, Defendant also argues that the *Ex parte Young* prospective relief exception does not apply because, although Plaintiff styles her requested relief as injunctive and declaratory, she actually seeks retrospective damages. (Doc. 16 at 7).

### 1. Exception for Property Seized through Unconstitutional Acts

In *Garza*, the Ninth Circuit held that the plaintiffs' claims were not barred by sovereign immunity because they fell under the exception to sovereign immunity which allows claims for property held by a state official when the plaintiff alleges that the official overstepped their constitutional or statutory authority. 150 F.4th at 1126. In that case, the plaintiffs alleged that the taking of their funds was unconstitutional because the Act does not provide sufficient notice. *Id.* at 1122. The Ninth Circuit determined that the plaintiffs

remained the owners of their property under the Act, and rather than asking for state funds, they were seeking the return of their own property. *Id.* at 1126 ("Plaintiffs allege that the Department possesses their property, they seek its return, and they allege unconstitutional acts led to its seizure."). Therefore, the claim was not barred under the second exception to sovereign immunity.

Here, Plaintiff alleges that the taking of her property was unconstitutional under the Fifth Amendment because the State does not provide just compensation for the taking. (Doc. 14 at 2, ¶ 2). Plaintiff specifies that, "[a]t a minimum, just compensation requires that the State compensate owners of unclaimed property for the time-value of their money property for the time during which the property is in control of and used by the State for governmental or public purposes." (*Id.* at 3, ¶ 6.) Unlike the plaintiffs in *Garza*, Plaintiff is not only seeking the return of her own property; she is also asserting that compensation for the alleged taking should include the "the time-value of [her] money property" while it was in the State's possession. (*Id.* ¶ 7); *see Suever v. Connell*, 579 F.3d 1047, 1058–59 ("[T]he Eleventh Amendment does not bar claims by plaintiffs for return of their *own* property under the UPL," but plaintiffs are not "entitled to *more* than the actual property that the State took into its possession or the proceeds of that property."). Therefore, the exception for property seized through unconstitutional acts does not apply here.

### 2. *Ex Parte Young* Exception

Plaintiff requests several forms of what she describes as declaratory and prospective relief. (Doc. 14 at 10). She requests declarations that the State's "use of the unclaimed property" is a taking under the Fifth Amendment and that she and the class are entitled to just compensation. (*Id.* at 11). She also asks the Court to enter judgment "[d]eclaring the proper measure of just compensation due to Plaintiff and the Class" (*id.* at 12) and asserts that just compensation should be measured "based on the benefit to the State conferred from its beneficial use of the property, or the value of the unclaimed property held and used by the State." (*Id.* at 11). Finally, Plaintiff asks the Court to issue an injunction "to ensure that the Director complies with that Declaration when returning property to owners of

unclaimed property in the future." (*Id.* at 12).

The declarations regarding just compensation and the injunction requiring the state to award just compensation in the future do not fall within the *Ex parte Young* prospective relief exception. Plaintiff asserts that the relief she requests is prospective in nature because she seeks just compensation for property that will be returned in the future. (Doc. 21 at 9). But the fact that she has not yet filed a claim for her property is irrelevant. "A remedy for past injury, even if it purports to be an injunction against state officers requiring the future payment of money, is barred because relief 'inevitably come[s] from the general revenues of the State . . ., and thus . . . resembles far more closely [a] monetary award against the State itself,' which is forbidden under the Eleventh Amendment." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 956 (9th Cir. 2008) (citing *Edelman v. Jordan*, 415 U.S. 651, 665 (1974) (alterations in original)); *see also Taylor*, 402 F.3d at 935 ("[T]o the extent the plaintiffs sought a declaratory judgment that [their] shares of stock were unconstitutionally taken from them, and an injunction that the state pay them money to compensate them, the claims would not fall within the *Ex parte Young* prospective relief exception to the Eleventh Amendment.").

Plaintiff also argues that any future payment of money would be an ancillary effect of compliance with the Fifth Amendment. (Doc. 21 at 8, 9). But claims for compensation beyond the "actual property that the State took into its possession" are "indistinguishable in effect from claims for money damages against the State and, as such, are barred by the Eleventh Amendment." *Suever*, 579 F.3d at 1059. Accordingly, the *Ex parte Young* exception does not apply to Plaintiff's requests for a declaration regarding the measure of just compensation and an injunction requiring the state to award just compensation in the future.

The Court has found that the exceptions to sovereign immunity do not apply to most of Plaintiff's claims, so they are barred. However, Plaintiff also requests a declaration that the State's use of the unclaimed property violates the takings clause of the Fifth Amendment. (Doc. 14 at 2–4, ¶¶ 3–8); *see* U.S. Const. Amend. V. To the extent that such

relief is prospective and falls within the *Ex parte Young* exception, the Court will determine whether Plaintiff has stated a claim upon which relief can be granted.

### C. Fifth Amendment Claim

This issue was squarely addressed by the Ninth Circuit in *Garza*. In *Garza*, the plaintiffs also challenged the Act under the takings clause of the Fifth Amendment. *See Garza v. Woods*, No. CV-22-01310-PHX-JJT, 2023 WL 5608414, at *2 (Aug. 30, 2023). The plaintiffs also alleged "that the Department holds their unclaimed property in custody for their benefit." *Garza*, 150 F.4th at 1127. The Ninth Circuit held that the plaintiffs did not meet the second element of a takings claim, which requires a plaintiff to allege that their private property was taken for public use. *Id.* (citing *Zeyen v. Bonneville Joint Dist.*, No. 93, 114 F.4th 1129, 1139 (9th Cir. 2024)).[1] The Court explained that "where unclaimed property is 'held in trust' by the state, the property 'has not been taken at all.'" *Id.* (citing *Taylor*, 402 F.3d at 936).

Here, Plaintiff similarly alleges "the Act is purely custodial in nature. Ownership of unclaimed or 'presumed abandoned' property is never transferred from the owner to the State and the property does not 'vest' in the State; rather ownership remains with the owner of unclaimed property during the period the property is in State custody." (Doc. 14 at 7, ¶ 21). Because Plaintiff alleges that the State holds unclaimed property in trust, Plaintiff has not alleged sufficient facts to show that property is taken at all. Therefore, the claim fails under Rule 12(b)(6). *Garza*, 150 F.4th at 1127.

### IV. CONCLUSION

For the reasons stated above, the Court will grant Defendant's Motion to Dismiss. Although Plaintiff has standing, Eleventh Amendment sovereign immunity bars her claims, as they do not fall within either of the relevant exceptions to state sovereign immunity. However, to the extent that one of Plaintiff's requests for declaratory relief falls within the

---

[1] "To state a takings claim, a plaintiff must allege: (1) that the plaintiff owns 'private property'; (2) that the private property was 'taken' for 'public use'; and (3) that the taking entity did not pay 'just compensation' for it." *Garza*, 150 F.4th at 1127 (citing *Zeyen v. Bonneville Joint Dist., No. 93*, 114 F.4th 1129, 1139 (9th Cir. 2024)).

*Ex parte Young* exception, Plaintiff fails to state a claim because she has not pled sufficient facts to show that a taking occurred.

Accordingly,

**IT IS ORDERED** that Defendant Robert Woods' Motion to Dismiss (Doc. 16) is **granted**.

**IT IS FURTHER ORDERED** that because amendment would be futile, Plaintiff's claim is **dismissed with prejudice and without leave to amend**. The Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 7th day of October, 2025.

Honorable Steven P. Logan
United States District Judge